# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:12CR00001-002 |
| v. ) | **OPINION** |
| ) | |
| **KEITH CLIFTON HAIRSTON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Keith Clifton Hairston, Defendant Pro Se.*

The defendant, Keith Clifton Hairston, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss.[1] For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty pursuant to a plea agreement, Hairston was sentenced by the late Judge Jackson L. Kiser on January 29, 2013, to a total term of 600 months imprisonment, consisting of 60 months on Count One of the Superseding Indictment, to be followed by a term of 540 months on Count Three. Count One charged Hairston with conspiring to possess with intent to distribute a measurable quantity of a mixture or substance containing a detectable amount of marijuana, in

---

[1] The defendant filed a "Objection to Respondent's Motion to Dismiss" but nevertheless represents that he did not receive a copy of the motion to dismiss and thus could not respond to it. Because the defendant is unequivocally not entitled to relief, I find it unnecessary to grant him another opportunity to respond to the government's motion.

violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D), and Count Three charged him with knowingly possessing a firearm in furtherance of a drug trafficking crime and causing the death of a person through the use of a firearm, whose killing was murder, in violation of 18 U.S.C. § 924(c)(1) and (j).

In his § 2255 motion, Hairston contends that his Count Three conviction is invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because "conspiracy is no longer a crime of violence." § 2255 Motion 5, ECF No. 363.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). A defendant who has pled guilty must demonstrate that, but for the alleged error, there is a reasonable probability that he would not have

pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the guilty plea context, a petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010).

In his plea agreement, Hairston waived the right to collaterally attack his conviction or sentence. Plea Agreement 7–8, ECF No. 176. During Hairston's guilty plea hearing, Judge Kiser questioned him about the waiver, and Hairston clearly indicated that he understood the right he was forfeiting. Guilty Plea Hr'g Tr. 17–19, ECF No. 299. Hairston does not now contend that his waiver was unknowing or involuntary. The waiver provision contained an exception for claims of ineffective assistance of counsel, but Hairston has not raised such a claim here. Because Hairston waived the right to collaterally attack his conviction, his § 2255 motion must be dismissed.

Hairston's claim is also procedurally defaulted. He did not directly appeal his sentence. Federal prisoners are barred from raising claims on collateral review that could have been raised on direct appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974). In order to raise a procedurally defaulted claim, the defendant must show cause and prejudice or that he is actually innocent. *Bousley v. United States*,

523 U.S. 614, 622 (1998). Hairston has shown neither cause and prejudice nor actual innocence. While *Davis* had not yet been decided at the time judgment was entered in this case, Hairston has not shown that the legal issue decided in *Davis* was so novel as to justify not raising it on direct appeal. *See United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (suggesting that novelty of claim could create cause for procedural default). *But see Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (explaining that futility does not constitute cause sufficient to excuse procedural default in the § 2255 context); *Gatewood v. United States*, 979 F.3d 391, 394–98 (6th Cir. 2020) (holding that *Davis* argument was not novel when defendant's direct appeal was decided in 2013).

Even if his claim had not been waived and procedurally defaulted, I would find that Hairston is not entitled to relief on the merits of his § 2255 motion. In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held that the residual clause of the "crime of violence" definition in the Armed Career Criminal Act was unconstitutionally vague. In *United States v. Davis*, 139 S. Ct. 2319, the Court applied the same reasoning to invalidate the "risk of force" clause of § 924(c)'s definition of crime of violence. Following *Davis*, an offense can only serve as a valid crime-of-violence predicate for a § 924(c) conviction if it satisfies the elements clause of the crime-of-violence definition, § 924(c)(3)(A).

*Davis* is inapplicable to Hairston's case, however, because Count One, which served as the predicate offense for his § 924(c) conviction in Count Three, is a "drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A) ("any person who, during and in relation to any crime of violence *or drug trafficking crime* . . . uses or carries a firearm.") (emphasis added).  A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Expert Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).  Hairston pled guilty to violating 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D), which are subsections of the Controlled Substances Act.  His Count Three conviction thus does not rest upon § 924(c)(3)'s definition of "crime of violence," and *Davis* is inapplicable to his case.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed.  A separate final order will be entered herewith.

DATED:   December 23, 2020

/s/  JAMES P. JONES
United States District Judge