CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 26 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:12CR00001-002 |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **KEITH CLIFTON HAIRSTON,**   ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendant.   ) | |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  I find that he has failed to establish an extraordinary and compelling reason justifying a reduction.  Moreover, because of the seriousness of his offense and the fact that his current sentence remains within the guideline range that would apply today, I decline to reduce his sentence.  It is therefore **ORDERED** that the motion, ECF No. 384 is DENIED.

After pleading guilty pursuant to a plea agreement, Hairston was sentenced by the late Senior District Judge Jackson L. Kiser on January 29, 2013, to a total term of 600 months imprisonment, consisting of 60 months on Count One of the Superseding Indictment, to be followed by a consecutive term of 540 months on

Count Three.  Count One charged Hairston with conspiring to possess with intent to distribute a mixture or substance containing a measurable amount of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D), and Count Three charged him with knowingly possessing a firearm in furtherance of a drug trafficking crime and causing the death of a person through the use of a firearm, whose killing was murder, in violation of 18 U.S.C. § 924(c)(1) and (j).  He is currently incarcerated at USP Terre Haute and has a projected release date of January 15, 2053.  The grounds of the defendant's motion are the risk posed to him by the COVID-19 pandemic, family loss and the need for a caregiver for two of his children, his race, and a purported sentencing disparity due to changes in the law.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.  Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and

- 3 -

compelling reason raised by the defendant, including the length and disparateness of the sentence.

Hairston states that he has bronchitis, and his medical records indicate that he suffers from hypertension and chronic kidney disease.  He contracted COVID-19 in December 2020 and has fully recovered.  The record contains no evidence that he suffered any complications from the virus.  He has since been fully inoculated against the virus, receiving his second dose of the Pfizer-BioNTech vaccine on March 23, 2021.  The Centers for Disease Control and Prevention indicates that this vaccine is 95% effective at preventing COVID-19-induced serious illness.  Centers for Disease Control and Prevention, *Pfizer-BioNTech Covid-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Aug. 25, 2021).  I find that the risk posed to Hairston by COVID-19 does not amount to an extraordinary and compelling reason warranting his release.

Hairston represents that he has lost several family members during his incarceration, including his mother, grandmother, and grandfather.  While I sympathize with Hairston and his family, this does not present an extraordinary and compelling reason justifying a reduction in his sentence.

The mother of two of his children has lost custody of them, and their great grandmother is now serving as their guardian.  While Hairston states that the great

grandmother is elderly, he does not offer any evidence that she is unable to care for the children. He does not indicate how old the children are or whether another family member would be able to assist in their care. In any event, given Hairston's history, I question whether he would be an appropriate caregiver for them. Hairston has not met his burden of establishing that his children's situation presents an extraordinary and compelling reason for his release.

Hairston's argument about his race is generalized and unconvincing. Hairston is serving a lengthy sentence because he murdered one person and severely injured another. He admitted to doing so, and as detailed below, his acts were particularly callous and senseless. While I certainly understand that the American criminal justice system has not always treated African American defendants fairly and equally, those concerns are not applicable to this case.

Finally, the sentencing disparity that Hairston alleges simply does not exist. He contends that under current law, his criminal history category would have been III or even II rather than VI. Hairston's history included nine instances of driving on a suspended operator's license, and Virginia law no longer allows a person's driver's license to be suspended for nonpayment of fines or court costs. He seems to argue that had this been the law when he was younger, his license might never have been suspended in the first place, and he therefore might not have repeatedly driven on a suspended license. The factual premise of this argument is shaky at best,

but it makes no difference. Regardless of his criminal history category, because of his offense level, the high end of Hairston's guideline range would have been a life sentence. His base offense level was 43, and his adjusted offense level, accounting for a leadership role and acceptance of responsibility, was 43 on Count One and 46 on Count Three. Although he could have been sentenced to life in prison both in 2013 and today, he was instead sentenced to a term of 50 years, likely because of his substantial assistance. As there is no sentencing disparity, the suggested difference in his criminal history category today cannot serve as an extraordinary and compelling reason for a reduction.

In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable. Even if Hairston had presented an extraordinary and compelling reason, I would deny his motion.

Hairston has served only about eight and a half years of his sentence for the most serious of crimes. The Presentence Investigation Report (PSR) details the actions that led to his incarceration. PSR ¶¶ 11–22, ECF No. 239. Hairston, who was a general in the 9-Tre Bloods gang, planned and executed a drug robbery at the direction of a marijuana distributor. He knew that the person to be robbed carried a firearm and that someone would likely die in the course of the robbery. His high-

ranking position in the gang gave him authority to make decisions and issue orders, and he directed at least three other gang members' involvement in the robbery and shooting. He ambushed the victims' car, firing shots into it. The driver was severely injured and the passenger died. As the passenger was slumped over in the seat, moaning in pain, Hairston reached under him to retrieve a bag of marijuana and then fled, leaving him there to die without calling for help.

Eight and a half years simply is not a long enough term of imprisonment to sufficiently punish the defendant for this conduct. Releasing the defendant or reducing his sentence would not provide adequate deterrence from future criminal conduct or protect the public.

The PSR also indicates that Hairston was charged with three counts of carnal knowledge of a child after he committed the crimes in this case, but those charges were nolle prossed so the state could surrender custody to federal authorities. PSR ¶ 71, ECF No. 239. In addition to the offense conduct, the government alleges that Hairston has a fairly extensive recent prison disciplinary history, suggesting that he has not been rehabilitated and continues to pose a threat to public safety. While the described disciplinary history is not necessarily violent in nature, it includes several instances of engaging in sexual acts along with possessing drugs or alcohol.

In sum, I find that the § 3553(a) factors do not support a sentence reduction. The current 50-year sentence remains necessary to serve the statutory purposes.

ENTER: August 26, 2021

/s/ JAMES P. JONES
United States District Judge